IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FORREST WHIGHAM | : | |
| | : | CASE NO. 1:19-cv-01709-DCN |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE DONALD C. NUGENT |
| | : | |
| | : | |
| SOUTHWEST GENERAL | : | |
| HEALTH CENTER. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

For its Answer to Plaintiff Forrest Whigham's ("Plaintiff") Complaint For Injunctive Relief and Damages (the "Complaint"), Defendant Southwest General Health Center ("Defendant") makes the following admissions, denials, statements, and defenses:

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court requires a response, Defendant admits that jurisdiction is proper in this Court.

2. Paragraph 2 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court requires a response, Defendant admits that venue is proper in this Court.

3. Defendant admits that Plaintiff has sought medical treatment at Defendant's facility, but is without sufficient knowledge or information to respond to the remaining allegations contained therein and, therefore, denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that it is organized under the laws of the State of Ohio, and provides medical care services at its facility located in Cuyahoga County, Ohio, but denies the remaining allegations contained in Paragraph 4 of the Complaint. Further answering, Defendant states that it is a corporation for non-profit.

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Defendant incorporates its responses to Paragraphs 1 through 5 of the Complaint as if fully rewritten herein.

7. Defendant is without sufficient knowledge or information to respond to the allegations contained therein and, therefore, denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that American Sign Language is a language distinct from English, but denies any remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without sufficient knowledge or information to respond to the allegations contained therein and, therefore, denies the allegations contained in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

13. In response to Paragraph 13 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

14. In response to Paragraph 14 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

15. Defendant is without sufficient knowledge or information to respond to the allegations contained therein and, therefore, denies the allegations contained in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

17. In response to Paragraph 17 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

18. In response to Paragraph 18 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

19. In response to Paragraph 19 of the Complaint, Defendant states that Plaintiff's medical records, including the notation cited in Paragraph 19 of the Complaint, speak for themselves and, therefore, denies the allegations contained therein.

20. In response to Paragraph 20 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein. Further answering, Defendant states that Plaintiff effectively communicated with Defendant at all times relevant to the allegations Contained in the Complaint.

21. In response to Paragraph 21 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

Further answering, Defendant states that Plaintiff effectively communicated with Defendant at all times relevant to the allegations Contained in the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

23. In response to Paragraph 23 of the Complaint, Defendant states that Plaintiff's medical records speak for themselves and, therefore, denies the allegations contained therein.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains a conclusion of law to which no response is required.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant is without sufficient knowledge or information to respond to the allegations contained therein and, therefore, denies the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT I
## SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 701 et seq.

38. Defendant incorporates its responses to Paragraphs 1 through 37 of the Complaint as if fully rewritten herein.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains a legal conclusion to which no response is required.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

## COUNT II
### TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 et seq.

52. Defendant incorporates its responses to Paragraphs 1 through 51 of the Complaint as if fully rewritten herein.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 57a of the Complaint.

59. Defendant denies the allegations contained in Paragraph 57b of the Complaint.

60. Defendant denies the allegations contained in Paragraph 57c of the Complaint.

61. Defendant denies the allegations contained in Paragraph 57d of the Complaint.

62. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT III
### SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT, 42 U.S.C. § 18116

64. Defendant incorporates its responses to Paragraphs 1 through 59 of the Complaint as if fully rewritten herein.

65. Paragraph 61 of the Complaint contains a legal conclusion to which no response is required.

66. Paragraph 62 of the Complaint contains a legal conclusion to which no response is required.

67. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

69. Paragraph 65 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 65 of the Complaint.

70. Paragraph 66 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 66 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

76. Defendant denies the allegations contained in the WHEREFORE Paragraph immediately following Paragraph 71 of the Complaint, and further deny that Plaintiff is entitled to any judgment against Defendant or any relief whatsoever

77. Defendant denies each and every allegation not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any

fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to assert the claims in the Complaint.

3. Defendant did not breach any legal duty to Plaintiff.

4. Plaintiff is estopped from recovering any relief from Defendant.

5. Plaintiff has not sustained any damages proximately or actually caused by Defendant.

6. Plaintiff has failed to mitigate or minimize her damages, the existence of which Defendant denies.

7. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statutes of limitations and/or the doctrine of laches.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, acquiescence, accord, satisfaction, and/or unclean hands.

9. Some or all of the damages sought by Plaintiff is not recoverable by law.

10. Plaintiff's claims are improper because some of the factual allegations set forth in the Complaint have no evidentiary support and Plaintiff has a reasonable opportunity to investigate the allegations prior to filing the Complaint.

11. Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust all required statutory, administrative, and/or judicial remedies, and to the extent Plaintiff has failed to meet all necessary conditions precedent prior to seeking declaratory and injunctive relief

pursuant to the alleged statute(s), rule(s), and/or act(s).

12. Before filing this Complaint, Plaintiff failed to provide notice to the Defendant of unequal treatment or unequal access or inadequate auxiliary services, or give Defendant an opportunity to cure any deficiencies, and therefore Plaintiff's claims fail and they cannot be entitled to compensatory or punitive damages, injunctive relief, or reimbursement of attorney fees.

13. The accommodations or auxiliary services demanded by Plaintiff would place an undue burden on Defendant and, therefore, are not required by any statute, rule, or regulation.

14. Plaintiff's claims are barred to the extent discovery shows that the changes they seek are, or will be, moot.

15. Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of Defendant.

16. Plaintiff has not been denied full and safe access to all of the benefits, accommodations, and services of Defendant's facilities.

17. Defendant has communicated effectively with Plaintiff for all of Plaintiff's visits to or interactions with Defendant.

18. Plaintiff was provided equivalent facilitation and/or appropriate means to enjoy the services and facilities of Defendant.

19. In the event that Defendant discovers any after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant may be barred by the doctrine of after-acquired evidence.

20. Plaintiff failed to comply with his obligation to provide an affidavit of merit supporting any medical claim against the Defendant.

21. If the Plaintiff sustained any damage or injury, such damage or injury, was directly and proximately caused or contributed to by the negligence of persons other than this answering Defendant.

22. Any and all damage or injury complained of was proximately caused by intervening and superseding acts of persons or entities other than this answering Defendant.

23. If Plaintiff sustained any of the injuries or damages alleged in the Complaint, such injuries or damages were caused, or were contributed to, by Plaintiff's own comparative negligence, intentional acts, culpable conduct, and express or implied assumption of the risk. Such conduct serves as a bar to one or more of Plaintiff's claims or entitles Defendant to a reduction in Damages (O.R.C. §2307.22, O.R.C. §2315.32 et seq.).

24. Plaintiff knew of and appreciated the risks and hazards involved in the incident about which the Complaint is made, and any injury and/or damages claimed were caused by or arose out of such risks or hazards.

25. Plaintiff was aware of, acquiesced in, consented to and/or gave permission for any or all of the alleged acts or omissions of which the Complaint is made and, accordingly, any and all claims of injuries and/or damages are barred.

26. Defendant is entitled to a set-off of some or all damage pursuant to O.R.C. § 2307.28.

27. One or more of Plaintiff's claims for damages are subject to the limits on certain types of damages, and this Court is without jurisdiction to enter judgment for Plaintiff beyond the limitations set forth in O.R.C. § 2323.43.

28. Defendant asserts that Plaintiff was fully advised of the alternatives available for treatment of the medical condition and thereafter consented to the treatment rendered and

assumed the risk of such treatment.

29. Defendant is entitled to an apportionment of liability to other parties and non-parties to this action pursuant to O.R.C. § 2307.23.

30. Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that judgment be entered in Defendant's favor, and that Defendant recover its expenses, including reasonable attorneys' fees, and such other and further relief to which they may be entitled at law or in equity or as this Court deems just and appropriate.

    Respectfully submitted,

    */s/ Donald G. Slezak*
    David A. Campbell (0066494)
    Donald G. Slezak (0092422)
    Lewis Brisbois Bisgaard & Smith, LLP
    1375 E. 9th Street
    Suite 2250
    Cleveland, OH 44114
    Phone: (216) 298-1262
    Fax: (216) 344-9421
    david.a.campbell@lewisbrisbois.com
    donald.slezak@lewisbrisbois.com

    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify pursuant to Civ. R. 5(B)(2)(c), that a true and accurate copy of the foregoing was served this 3rd day of October, 2019, via the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.  If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via regular United States Mail, postage prepaid, upon the following:

Sean H. Sobel
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard
Suite 314
Cleveland, OH 44106
Phone: (216) 223-7213
Fax: (216) 223-7213
Sobel@swmlawfirm.com

*Attorney for Plaintiff*

                                                    */s/ Donald G. Slezak*
                                                   Donald G. Slezak (0092422)

                                                   *One of the Attorneys for Defendant*